```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

CHARLES CHATT, et al.,                )
                                      )
          Plaintiffs,                 )
                                      )
     v.                               )     No.  11 C 9267
                                      )
J.B. HUNT TRANSPORT, INC., etc.,      )
                                      )
          Defendant.                  )

MEMORANDUM ORDER

Counsel for defendant J.B. Hunt Transport, Inc. ("J.B. Hunt") have just managed to chalk up a "first" in this Court's experience--and regrettably, not a good one. This Court's brief February 8, 2012 memorandum order had identified for counsel their flawed invocation of the disclaimer provisions of Fed. R. Civ. P. ("Rule") 8(b)(5), an obvious defect resulting from counsel's apparently not having read that Rule. But given the opportunity to cure their mistake by filing an amendment to their Answer, counsel have managed to commit still another obvious boner.

In J.B. Hunt's just-filed Amendment to Answer, this time its counsel have tracked the provisions of the disclaimer accurately (not a hard task, given the plain terms of Rule 8(b)(5)), but in each instance that is followed by the assertion that the corresponding allegation of the Complaint "is therefore denied." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information

to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)?

Accordingly the Amendment to Answer is stricken. Even though under the circumstances this Court could well rule that the questioned allegations of the Complaint are deemed admitted, no such sanction will be imposed. Instead:

> 1. Leave is granted once more to J.B. Hunt's counsel to return to the drawing board and file a proper Second Amendment to Answer on or before February 22, 2012.
>
> 2. Counsel are ordered once again to make no charge to J.B. Hunt for the added work and expense incurred in correcting counsel's current errors, but as a kind of modest sanction counsel are ordered to transmit copies of the February 8 memorandum order and this memorandum order to their client together with a letter advising the client of the no-charge commitment, with a copy of that letter to be transmitted to this Court (for informational purposes, not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: February 14, 2012